OPINION
{¶ 1} On May 19, 2003, appellant Sahn M. Miree entered a plea of guilty to attempted robbery (R.C. 2923.02(A)), as a felony of the fourth degree, and possession of criminal tools (R.C. 2923.24(A)), a fifth degree felony. The plea was entered pursuant to a negotiated plea agreement. The court sentenced appellant to one year incarceration on each count, to be served concurrently. Appellant assigns a single error on appeal:
 {¶ 2} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A PRISON SENTENCE WHEN HE WAS CONVICTED OF A FELONY OF THE FOURTH AND FIFTH DEGREE AND THE TRIAL COURT ERRED IN GIVING A SENTENCE MORE THAN THE MINIMUM PRISON SENTENCE."
 {¶ 3} Appellant argues that the court erred in sentencing him to a prison term, and in sentencing him to a prison term of greater than the minimum sentence, without making the findings required by statute.
 {¶ 4} R.C. 2953.08 governs the right to appeal felony sentences. Pursuant to R.C. 2953.08(D), a sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 5} In the instant case, the guilty plea form, signed by appellant and by counsel for both parties, cites that as part of the plea agreement, in exchange for appellant's plea, the State would recommend that the defendant receive a one-year prison sentence on each count, with said sentences to run concurrently, and in exchange the State would nolle an indictment pending in another case. Therefore, as the instant sentence was part of a negotiated plea agreement, the sentence is not a sentence which this court may review pursuant to R.C. 2953.08(D).
 {¶ 6} Further, at the sentencing hearing, counsel for appellant stated on the record that appellant would stipulate that the statutory factors were present which would authorize the court to impose a prison term, and further, that the factual findings the court must make to impose a sentence greater than the minimum term were present in the instant case. Tr. 13. Appellant cannot now complain that the court did not make the appropriate findings based on the record when he stipulated that the factors existed.
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the Muskingum County Common Pleas Court is affirmed.
 Judgment affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY {¶ 9} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs to appellant.